UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LYDIA MASON<br>13 Turtle Creek Bend<br>Dallas, Texas 75204,<br><br>    Plaintiff,<br><br>  v.<br><br>LAWRENCE E. HARD<br>4316 N.E. 33rd St,<br>Seattle, WA 98105<br><br>PETER JOHN HOBART<br>2001 Meridian Avenue Apt. 407<br>Miami Beach, FL 33139<br><br>RACHEL C. HOBART<br>28 Burnell St.<br>Nantucket, MA 02554<br><br>DAVID H. HOWELL<br>3 Pandan Valley<br>Singapore, 597627<br><br>and<br><br>KAREN M. MOORE, ESQ.<br>52 East Gay Street<br>Columbus, Ohio 43215,<br><br>    Defendants. | CASE NO.<br><br>JUDGE<br><br><br><br><br><br><br><br>**COMPLAINT**<br><br>**Jury Demand Endorsed Hereon** |

1

For her Complaint, Plaintiff Lydia Hobart Mason, a beneficiary of the Edward A. Hobart and Rachel C. Hobart Irrevocable Trust for the Benefit of the William H. Hobart Family (the "**S**ub-Trust"), states as follows:

## The Parties

1. Plaintiff is an individual who resides in the State of Texas.

2. Defendant Lawrence E. Hard is a Hobart family-member trustee of the Sub-Trust and is an individual who resides in Seattle, Washington.

3. Defendant Peter John Hobart is a Hobart family-member trustee of the Sub-Trust and is an individual who resides in Miami Beach, Florida.

4. Defendant Rachel C. Hobart is a Hobart family-member trustee of the Sub-Trust and is an individual who resides in Nantucket, Massachusetts.

5. Defendant David H. Howell is a Hobart family-member trustee of the Sub-Trust and is an individual who resides in Singapore.

6. Defendant Karen M. Moore, Esq., is a non-Hobart family-member trustee of the Sub-Trust and is an individual who resides or works in Franklin County, Ohio.

7. This lawsuit is based on Defendants' breaches of their duties to Plaintiff in their roles as trustees of the Sub-Trust, seeks damages, seeks replacement of the Hobart family-member trustees, seeks the distribution to Lydia Mason of her share of the principal of the Sub-Trust and seeks an accounting.

## Jurisdiction and Venue

8. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and all Defendants and the amount in controversy exceeds $75,000.

9. Venue is proper in this Court because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

10. Venue is proper in this Division of this District because Defendant Karen M. Moore is a resident or works in a county served by the Eastern Division and because a substantial amount of the events or omissions giving rise to Plaintiff's claims occurred in the Eastern Division.

**Statement of Operative Facts**

11. The Trust Agreement Dated December 28, 1976 for the Trust Created By Edward A. Hobart And Rachel C. Hobart (the "Trust") is attached as Exhibit A and is incorporated herein by refence.

12. The Trust is divided into five separate subsidiary trusts, of which the Sub-Trust at issue in this action is one.

13. The Trust and its subsidiary trusts, including the Sub-Trust, are all administered collectively by the same five trustees (the "Trustees") who are comprised of four descendants of Rachel C. Hobart, who was one of the Trust grantors (the Hobart family-member Trustees) and one independent trustee (the non-Hobart family-member Trustee).

14. Every Trustee of the Trust has been named as a Defendant in this action.

15. The Trustees administer the Trust by majority vote.

16. Any Trustee who dissents from a decision made by a majority of the Trustees is indemnified by the Trust for any liability which arises from that majority decision.

17. The Trust was established to manage a substantial fraction of the voting shares of Hobart Brothers Company and to distribute the income and principal deriving from such shares to each branch of each sub-trust on a per stirpes basis.

18. Hobart Brothers Company was sold circa 1996 and following that liquidity event the Trustees have managed the investment of the proceeds of that sale.

19. The sub-trusts will terminate at the end of the time governed by the rule against perpetuities with each sub-trust distributing its principal to the lineal descendants of the current income beneficiaries.

20. If at the termination of a sub-trust there are no descendants of a current income beneficiary, such income beneficiary's share of the sub-trust will be distributed to the other descendants of such income beneficiary's parent who was a descendant of the Grantor, Rachel C. Hobart.

21. The Trustees are required to distribute Trust income and invest Trust assets in the best interests of all of the Trust's beneficiaries, including all current income beneficiaries.

22. Consistent with the intent of the Trust to make distributions of income and principal to each branch of each sub-trust on a per stirpes basis, the Trustees have the authority and responsibility in a proper case to make distributions of the Trust's principal to the current beneficiaries, including Lydia Mason.

23. The Trustees have in the past made distributions of the Trust's principal to beneficiaries other than Lydia Mason.

24. Lydia Mason's only lineal descendant, her only son, has passed away and she thus no longer has lineal descendants to whom her share of the Sub-Trust can be distributed in the future.

4

25. Due to the fact that a final distribution of the Trust's principal to the lineal descendants of the current income beneficiaries cannot be accomplished in Lydia Mason's case, a distribution to her of her share of the Sub-Trust's principal is proper and fulfills the intent of the Trust.

26. Lydia Mason has repeatedly requested that the Trustees distribute her share of the Sub-Trust's principal to her in light of the fact that she has no lineal descendants.

27. The Trustees have denied Lydia Mason's request for distribution to her of her share of the principal of the Sub-Trust.

28. By refusing to distribute Lydia Mason's share of the principal of the Sub-Trust to her, the Trustees have failed to act in good faith and have failed to consider the unique circumstances and best interests of Lydia Mason.

29. By refusing to distribute Lydia Mason's share of the principal of the Sub-Trust to her, the Hobart family-member Trustees have engaged in self-dealing and/or not acted in good faith by increasing the principal which will be available to be distributed to their own or other favored lineal descendants in the future.

30. The Trustees also have failed to exercise due care, failed to act reasonably, and failed to act in good faith in the manner in which they have managed the assets of the Trust.

31. The Trustees have invested Trust assets in a manner which has failed to give individualized attention to the circumstances of particular beneficiaries, including Lydia Mason.

32. The Trustees have invested Trust assets in a manner which has given excessive weight to building Trust principal and given insufficient weight to the generation of Trust income.

33. The Trustees have failed to distribute all of the net income of the Trust as required by the Trust Agreement.

34. The Trustees have parked assets and income in a subsidiary.

35. The Trustees have made distributions to the sub-trusts which have not been proportional or pro rata.

36. The Trustees have failed to provide an adequate accounting of the Trust's assets.

37. The Trustees have failed to disclose how they have determined the income and principal of the Sub-Trust.

38. The Trustees have failed to provide adequate disclosure of the fact that certain of the income and/or assets managed by the Trust's subsidiary have not been distributed and have not been included in the calculation of the net income or market value of the Trust.

39. The Trustees have breached their fiduciary obligations to Lydia Mason and to the Trust and are not suitable fiduciaries.

## Count One
## (Breach of Fiduciary Duty)

40. Plaintiff restates Paragraphs 1 through 39 above as if set out fully herein.

41. By refusing to make a distribution of the Sub-Trust's principal to Lydia Mason consistent with the intent of the Trust in light of her loss of her only lineal descendant, the Trustees have breached their fiduciary duties to Lydia Mason.

42. By refusing to make a distribution of the Sub-Trust's principal to Lydia Mason in order to cause her share of the Trust's assets to benefit their own or other favored lineal descendants, the Hobart family-member Trustees have engaged in self-dealing and/or failed to act in good faith and breached their fiduciary duties to Lydia Mason.

43. By investing the Trust's assets to maximize principal and minimize income to benefit the ultimate beneficiaries of the Trust, who are themselves lineal descendants of the Hobart family-member Trustees, the Hobart family-member Trustees have engaged in self-dealing and breached their fiduciary duties to Lydia Mason.

44. By failing to exercise due care in the management of the Trust; failing to act reasonably; failing to act in good faith; failing to give consideration to the circumstances of particular beneficiaries; failing to distribute all net income; making non-proportional distributions;  failing to account properly for all Trust assets, income and distributions; and parking assets and income in a subsidiary, the Trustees have breached their fiduciary duties to Lydia Mason.

45. As a result of their breaches of their fiduciary duties, the Trustees have harmed Lydia Mason in an amount to be determined at trial and are liable to her for her attorneys' fees and for punitive damages.

**Count Two**
**(Request for Injunctive Relief - Breach of Duty of Good Faith)**

46. Plaintiff restates Paragraphs 1 through 39 above as if set out fully herein.

47. The Hobart family-member Trustees have not acted in good faith and are irreconcilably conflicted in their service as trustees insofar as denying Lydia Mason a distribution of her share of the Sub-Trust's principal is inconsistent with the intent of

the Trust and will benefit their own or other favored lineal descendants directly by causing those lineal descendants' distributions to be increased by the share that would have been distributed to Lydia Mason.

48. The Hobart family-member Trustees have not acted in good faith and are irreconcilably conflicted in their service as trustees insofar as they have invested the Trust's assets to maximize principal and minimize income to benefit the ultimate beneficiaries of the Trust, who are themselves lineal descendants of the Hobart family-member Trustees.

49. The trustees have not acted in good faith by failing to exercise due care and failing to act reasonably in the management of the Trust; failing to give consideration to the circumstances of particular beneficiaries; failing to distribute all net income; making non-proportional distributions; failing to account properly for all Trust assets, income and distributions; and parking assets and income in a subsidiary.

50. By breaching their duties of good faith to Lydia Mason, the Hobart family-member Trustees have demonstrated that they are unsuitable for continued service as Trustees and should be replaced with disinterested and non-conflicted Trustees.

51. The Trustees should be required to make a distribution to Lydia Mason of her share of the Sub-Trust's principal.

52. Plaintiff has suffered irreparable injury.

53. Plaintiff has no adequate remedy at law.

54. Considering the balance of hardships between the plaintiff and defendants, a remedy in equity is warranted.

55. The public interest will not be disserved by the grant of injunctive relief.

## Count Three
## (Accounting)

56. Plaintiff restates Paragraphs 1 through 39 above as if set out fully herein.

57. The Trustees are required to provide an accounting of all assets, changes in assets, votes, how income and principal are determined for all transactions, all distributions to all beneficiaries, and such other information as is appropriate to allow a beneficiary to protect his or her interest.

58. The Trustees have failed to provide an adequate accounting or to make adequate disclosure respecting the foregoing.

59. Plaintiff has suffered irreparable injury.

60. Plaintiff has no adequate remedy at law.

61. Considering the balance of hardships between the plaintiff and defendants, a remedy in equity is warranted.

62. The public interest will not be disserved by the grant of injunctive relief.

WHEREFORE, Plaintiff Lydia Hobart Mason requests this Court to:

A. Award her damages in an amount to be determined at trial;

B. Award injunctive relief replacing the Trustees with disinterested, independent Trustees for purposes of considering Lydia Mason's request for the distribution of her share of the Trust's principal and for purposes of managing the Trust;

C. Award injunctive relief requiring the Trustees to make a distribution to Lydia Mason of her share of the Sub-Trust's principal;

D. Order the Trustees to provide a complete accounting of all assets, changes in assets, votes, how income and principal are determined for all transactions, all

distributions to all beneficiaries, and such other information as is appropriate to allow a beneficiary to protect his or her interest.

  E. Award Plaintiff her attorneys' fees;

  F. Award Plaintiff punitive damages in an amount to be determined at trial; and

  G. Award Plaintiff all other relief to which she is entitled.


Dated: Cleveland, Ohio
   July 19, 2023

            Respectfully Submitted,
            **ROSS M. BABBITT CO., LPA**


            */s/ Ross M. Babbitt*
            Trial Attorney
            Ross M. Babbitt (0072946)
             rbabbitt@babbitt-lawfirm.com
            1382 West 9th Street
            Suite 220
            Cleveland, Ohio 44113
            (216) 623-6346

            David G. Trachtenberg
            *Pro Hac Vice* application forthcoming
            dtrachtenberg@talaw.law
            Trachtenberg & Arena, LLP
            420 Lexington Avenue, Suite 2818
            New York, NY 10170
            (212) 972-1375

            Attorneys for Plaintiff Lydia Hobart Mason

## **Jury Demand**

Pursuant to Rule 38(a) of the Federal Rules of Civil Procedure, for all issues so triable Plaintiff Lydia Hobart Mason demands a jury of the maximum number of jurors allowed by law.

      /s/ Ross M. Babbitt
      Attorney for Plaintiff